**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

*In Re: Atrium Medical Corp., C-Qur Mesh Products Liability Litigation*
*MDL No. 2753*

**Civil Action No. _____**
(*Jury Trial Demanded*)

___

**SHORT FORM COMPLAINT**

Come now the Plaintiff(s) named below, by and through their attorneys at Morris Bart LLC, and for their Complaint against the Defendants named below, incorporate the Master Long Form Complaint in MDL No. 2753 by reference. Plaintiff(s) further show the Court as follows:

1. Plaintiff

   __Connie Spears_____

2. Consortium Plaintiff

   _____None_____

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)

   _____None_____

4. Current State of Residence

   _____Louisiana_____

5. State of Residence at the Time of Implant (if different)

   _____

6. State of Residence at the Time of Explant (if applicable and different)

   _____

7. District Court and Division in which venue would be proper absent direct filing

   _____United Stated District Court, Middle District of Louisiana

8. Defendants (Check Defendants against whom Complaint is made):

    X    A. Atrium Medical Corporation ("Atrium");

    X    B. Maquet Cardiovascular US Sales, LLC ("Maquet");

           C. Getinge AB ("Getinge");

9. Basis of Subject Matter Jurisdiction

    X    Diversity of Citizenship

    A. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

    ¶¶ 20-26

    B. Other allegations of jurisdiction and venue:

    N/A

10. Defendants' products implanted in Plaintiff (Check products implanted in Plaintiff)

        A. C-QUR;

        B. C-QUR Mosaic;

        C. C-QUR Edge;

        D. C-QUR TacShield;

        E. C-QUR Lite Mesh V-Patch

    X    F. C-QUR Mesh V-Patch

        G. Other C-QUR mesh product

        _____

        _____

11. Defendants' Products about which Plaintiff is making a claim. (Check applicable products):

        A. C-QUR;

        B. C-QUR Mosaic;

       C. C-QUR Edge;

       D. C-QUR TacShield;

       E. C-QUR Lite Mesh V-Patch

X      F. C-QUR Mesh V-Patch

       G. Other C-QUR mesh product;

       _____

       _____

12. Date of Implantation as to Mesh C-Qur

     ____11/16/2011_____

     _____

     _____

13. Date of Explant as to Mesh C-Qur

     ____01/23/2013_____

     _____

     _____

14. Hospital(s) where Plaintiff was implanted (including City and State)

     _ LSU Hospitals – Lallie Kemp Regional Medical Center

     __Independence, Louisiana_____

15. Implanting Surgeon(s)

     _Jeff Liner, M.D._____

     _____

16. Hospital(s) Where Plaintiff Had Explant (including City and State, if applicable)

     __ Our Lady of the Lake Regional Medical Center

<u>    Baton Rouge, Louisiana               </u>

17. Explanting Surgeon(s)

<u>    Michael Fahr, M.D.</u>

18. Plaintiff alleges the following injury(ies) he or she suffered as a result of the implantation of the subject C-QUR mesh product.

<u>Pain and suffering, abdominal pain secondary to hernia repair, chronic infection.</u>

19. Counts in the Master Complaint brought by Plaintiff(s)

Count I - Negligence

Count II – Strict Liability – Design Defect

Count III – Strict Liability – Manufacturing Defect

Count IV – Strict Liability – Failure to Warn

Count V – Strict Liability – Defective Product

Count VI – Breach of Express Warranty

Count VII – Breach of Implied Warranties of Merchantability and Fitness of Purpose

Count VIII – Fraudulent Concealment

Count IX – Constructive Fraud

Count X – Discovery Rule, Tolling and Fraudulent Concealment

Count XI – Negligent Misrepresentation

Count XII – Negligent Infliction of Emotional Distress

Count XIII – Violation of Consumer Protection Laws

Count XIV – Gross Negligence

Count XV – Unjust Enrichment

Count XVI – Punitive or Enhanced Compensatory Damages

Other:  <u>La. R.S. sec. 9:2800.51</u> (please state the facts supporting this Count under applicable state law in the space immediately below)

Other <u>La.R.S. sec. 51:1409 et seq.</u>(please state the facts supporting this Count under applicable state law in the space immediately below)  <u>  Plaintiff asserts Louisiana law based claims as follows. Louisiana Products Liability Act, La. R.S. sec. 9:2800. 51 et</u>

seq.; Fraud, La. C.C. art. 1952 and Unfair and Deceptive Practices, La. R.S. sec. 51:1409. The elements of the LPLA claim are established in the Master Long Form Complaint as follows: Defendants are manufacturers (para. 1-19, 27-31); their products were the proximate cause of Plaintiff's injuries (paras. 69-72); their products were unreasonably dangerous (paras. 33-68 and passim); their products were unreasonably dangerous (paras. 33-68); and their products were used as reasonably anticipated (paras. 31-32). Plaintiff additionally adopts and asserts the claims in paragraphs 85-159 of the Master Long Complaint as further support of her LPLA claim. The elements of Louisiana fraud and unfair practices are set forth in paragraphs 160-187 and 226-239 in the Master Form Complaint.

WHEREFORE, Plaintiff(s) demand(s) judgment against Defendants, and each of them, individually, jointly and severally and prays for the following relief in accordance with applicable law and equity:

i. Compensatory damages to Plaintiff(s) for past, present, and future damages, including, but not limited to, pain and suffering for severe and permanent personal injuries sustained by Plaintiff(s), permanent impairment, mental pain and suffering, loss of enjoyment of life, past and future health and medical care costs, and economic damages including past and future lost earnings and/or earning capacity, together with interest and costs as provided by law;

ii. Restitution and disgorgement of profits;

iii. Punitive or enhanced compensatory damages;

iv. Reasonable attorneys' fees as provided by law;

v. The costs of these proceedings, including past and future cost of the suit incurred herein;

vi. All ascertainable economic damages;

    vii.       Survival damages (if applicable);

    viii.      Wrongful death damages (if applicable);

    ix.        Prejudgment interest on all damages as is allowed by law; and

    x.         Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff(s) hereby demand(s) a trial by jury on all issues so triable.

Dated: 5/26/2021                                                              **/s/ Robert S Greenwell**
                                                                                             Attorney(s) for Plaintiff

Robert S. Greenwell, NJ #045181999
John C. Enochs, LA #22774
Paul Villalobos, LA #22881
Betsy Barnes, LA #19473
Morris Bart LLC
601 Poydras Street, 24th Floor
New Orleans LA 70130
(504) 525-8000
herniamesh@morrisbart.com
jenochs@morrisbart.com